UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM COONROD, #177732,        )<br>                    Plaintiff,        )<br>                                 )<br>-v-                              )<br>                                 )<br>TROY SHERMAN, et al.,            )<br>                    Defendants.   )<br>_____) | No. 1:16-cv-407<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

William Coonrod, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit under § 1983 alleging violations of his constitutional rights. Currently pending are three motions for summary judgment, each asserting a failure to exhaust administrative remedies. The magistrate judge issued a report (ECF No. 42) recommending that two motions be granted in part and denied in part and the third motion be denied without prejudice. Coonrod and Defendants filed objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The claims in the complaint arise from an incident that occurred on April 26, 2014. Coonrod was attacked by other inmates, and suffered a number of injuries, including fractures of the bones in his face. The attack occurred at the Pugsley Correctional Facility (MPF). Following the attack, Coonrod received at least some of his treatment at the Duane Waters Hospital (DWH). Defendants filed three motions: (1) ECF No. 23 (Corizon Health, Tan, Whiteman, and Bomber); (2) ECF No. 27 (Sherman, Pratt, Douglas, Saur, Wilson, Kingsley, Zaborowski, Bourque, Hansen, Sobeck, Dunning-Meyers, Buren, Pandya, and Borgerding); and (3) ECF No. 32 (Eklin). Reviewing the complaint, the magistrate judge identified four claims: (1) failure to protect, (2) deliberate indifference to his medical needs at MPF immediately following the attack, (3) deliberate indifference to his medical needs in the days following the attack by the DWH treaters, and (4) deliberate indifference to his medical needs by delaying and refusing treatment by the DWH treaters. (R&R at 6 PageID.266.)

**Recommendation # 1.** For claims 1, 2 and 3, all of which arose on the day of the attack or in the days following the attack, the magistrate judge recommended denying, without prejudice, the motions for summary judgment. The magistrate judge concluded that, based on the record, there remained genuine issues of material fact whether Coonrod had the ability and opportunity to exhaust his administrative remedies. The magistrate judge proposed entering a standard case management order, which would afford Coonrod an

opportunity for discovery with respect to exhaustion and also allow defendants to raise the exhaustion issue with respect to the 2014 claims.

Coonrod agrees with this recommendation. Defendants object to this recommendation. (ECF Nos. 43 and 44.) Defendants argue that, even if Coonrod was not able to exhaust grievances, either immediately after or in the days following the attack, he could have exhausted his grievances "once he was able to do so." (ECF No. 43 at 2 PageID.272.) Defendants point out that Coonrod did file a grievance, JCS 2016-03-0213-12D, which was received on March 22, 2016. (*See* ECF No. 23-1 PageID.176.)

Defendants' objection is OVERRULED. Defendants bear the burden of establishing the affirmative defense of failure to exhaust remedies. To the extent Defendants assert or otherwise rely on Coonrod's failure to plead or explain why he did not file a grievance, Defendants have not carried their burden. Based on Coonrod's affidavit, the magistrate judge concluded that a genuine issue of material fact remained. That Coonrod was able to file a grievance concerning the alleged refusal to provide treatment does not dispositively resolve the question of whether he was able to file a grievance concerning the problems that arose immediately and in the days after the attack. Paragraph P (ECF No. 23-2 PageID.181), the grievance process portion of the MDOC Policy Directive, requires prisoners to file grievance within a certain time period. Coonrod's affidavit creates a disputed fact whether he was able to file a grievance within that window of time.

**Recommendation # 2.** For claim 4, the magistrate judge recommends granting Defendants' motions. The magistrate judge concluded that Coonrod had not exhausted his administrative remedies before filing his complaint. The grievance was filed in March 2016.

This complaint was filed in April 2016. The grievance was still pending when the complaint was filed.

Defendants concur with the recommendation. Coonrod objects. (ECF No. 46.) In a footnote, the magistrate judge applied the prison mailbox rule and concluded Coonrod filed his complaint on April 7, 2016, the day he signed the complaint. Coonrod insists the complaint was delivered, by his wife, to the Clerk's office on April 25. 2016. The Court notes that the receipt for the $400 filing fee was made to Suzanne Denise Coonrod. The Court also notes that, starting around April 14, 2016, when the Clerk's office receives documents by mail, the envelope is scanned and included as part of the document loaded into the electronic docket. No envelope is included in the document entry for the complaint in this case.[1] And the first page of the complaint contains the Clerk's notation that it was received on April 25, 2016, at 10:43 a.m.

Coonrod's objection is OVERRULED. Although Coonrod has established that one of the factual conclusions in the R&R is erroneous, the magistrate judge's recommendation remains legally correct. Assuming that Coonrod's complaint was filed on April 25, 2016, and not on April 7, 2016, Coonrod still filed his complaint before exhausting his administrative remedies. The grievance was still pending when the complaint was filed.

---

[1] Coonrod mailed at least two envelopes to the Court containing documents which have been scanned, including the envelopes. (ECF No. 35 PageID.216; ECF No. 40 PageID.257.) In contrast, the proof of service (ECF No. 48 PageID.287) for the objection and brief in support states that the documents were hand delivered to the Clerk in Grand Rapids. For those documents, no envelope has been scanned.

5

Accordingly,

1. The Report and Recommendation (ECF No. 42) is **ADOPTED** as the Opinion of this Court;

2. The motion for summary judgment filed by Corizon Health, Tan, Whiteman and Bomber (ECF No. 23) is **GRANTED IN PART**. Coonrod's claim relating to the failure to authorize a third eye surgery, as referenced in the grievance (PageID.176) is dismissed, without prejudice, for failure to exhaust. With respect to all other claims, the motion is **DENIED WITHOUT PREJUDICE;**

3. The motion for summary judgment filed by Bogerding (ECF No. 27) is **GRANTED IN PART**. Coonrod's claim relating to the failure to authorize a third eye surgery, as referenced in the grievance (PageID.176) is dismissed, without prejudice, for failure to exhaust. With respect to all other claims, the motion is **DENIED WITHOUT PREJUDICE;**

4. The motions for summary judgment filed by Sherman, Pratt, Douglas, Saur, Wilson, Kingsley, Zaborowski, Bourque, Hansen, Sobeck, Dunning-Meyers, Buren and Pandya (ECF No. 27) and by Eklin (ECF No. 32) are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date:  March 2, 2017                                           /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge